IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01244-BNB

GRETCHEN SHOCKLEY,

    Plaintiff,

v.

U.S. NATIONAL ASSOCIATION AS TRUSTEE C/O HOMECOMING FINANCIAL NETWORK/GMAC,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 11 2007

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Gretchen Shockley initiated this action by filing *pro se* a complaint. On July 18, 2007, Magistrate Judge Boyd N. Boland ordered Ms. Shockley to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On August 22, 2007, Magistrate Judge Boland entered a minute order granting Ms. Shockley an extension of time to file her amended complaint. On September 24, 2007, Ms. Shockley filed a document titled "Motion to Amend Previous Answer: Order Directing Clerk to Commense [sic] Civil Action and Directing Plaintiff to Cure Deficiency."

The Court must construe the documents filed by Ms. Shockley in this action liberally because she is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, those documents are held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be the *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a pleading "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1) which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Court agrees with Magistrate Judge Boland's determination in his July 18 order that Ms. Shockley's complaint fails to set forth a short and plain statement of her claims showing that she is entitled to relief. In the motion filed on September 24, 2007, Ms. Shockley asserts that she has not found an attorney willing to take her case yet, that discussions with the Colorado Civil Rights Commission have indicated they will

accept her case, and that she will have access to legal counsel and will begin the formal investigation of Defendant's allegedly discriminatory practices once the Colorado Civil Rights Commission accepts her case. Ms. Shockley does not actually request anything in the September 24 motion. Therefore, that motion will be denied. Ms. Shockley does attach to the September 24 motion various sections of the Code of Federal Regulations that she apparently believes Defendant has violated. However, nothing in the September 24 motion satisfies Magistrate Judge Boland's order to file an amended complaint that complies with the pleading requirements of Rule 8. Nothing in the September 24 motion provides a short and plain statement of Ms. Shockley's claims showing that she is entitled to relief in this action. Therefore, Ms. Shockley has failed to comply with Magistrate Judge Boland's July 18 order within the time allowed.

A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The burden Ms. Shockley places upon the Court and Defendant to identify, interpret, and respond to her claims is unreasonable. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a). Accordingly, it is

ORDERED that the "Motion to Amend Previous Answer: Order Directing Clerk to Commense [sic] Civil Action and Directing Plaintiff to Cure Deficiency" is denied. It

FURTHER ORDERED that the complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a).

DATED at Denver, Colorado, this 10 day of Oct., 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01244-BNB

Gretchen Shockley
10992 W. 30th Pl.
Lakewood, CO 80215

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  10/11/07

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk